liGAUDIN, Judge.
This is a workers’ compensation case. Appellant Peggy A. LeBlane’s temporary total benefits were terminated after a hearing in District Seven. Benefits were discontinued after the trial judge considered four medical reports and listened to the testimony of several persons, including Ms. LeBlanc; James Skains, her live-in boyfriend; and Thomas Meunier, a vocational rehabilitation counselor *141 called by Tiffin Inn, Ms. LeBlanc’s former employer.
We reverse, being of the opinion that all medical reports substantiate Ms. LeBlanc’s complaints of lingering back pain at the 5th lumbar vertebra.
Many facts and circumstances of this case are fairly similar to those in Smith v. Louisiana Dept. Of Corrections, 633 So.2d 129 (La.1994), in which the hearing officer concluded that the compensation claimant was “restricted more by his trepidation than by his disability.” The Louisiana Supreme Court reversed, stating (at page 133) that an employer trying to defeat or reduce supplemental earnings benefits bears the burden of proving that the employee is physically able to perform a certain job and that the job was offered to the employee or was available.
Tiffin Inn here relied primarily on the December 6, 1994 report of Dr. James . Williams, but this report shows that Dr. Williams found what he described as a “defect” near L-5 and he said that Ms. LeBlanc had “... restriction of motion in her lower back.” Dr. Williams concluded by saying:
|2“In my opinion, this patient is not capable of working in any capacity which requires prolonged, uninterrupted standing or walking, frequent or heavy lifting, bending, stooping or climbing.”
The earlier medical reports document Ms. LeBlanc’s back problems since her injury on February 1, 1992. She was paid $113.51 weekly until the court denied farther compensation benefits on December 21, 1995. Ms. LeBlanc filed her appeal on February 16,1996.
It is obvious from the testimony and the medical reports that Ms. LeBlanc is very emotionally depressed, caused at least in significant part by her back troubles. She said that she “... don’t go anywhere, I don’t do anything ... because either I’m hurting or I don’t have any money, or because I don’t care anymore.”
Mr. Meunier listed six potential employers and Ms. LeBlanc said that she contacted two of them, Levitz Furniture Company and the Hibernia Bank in LaPlace. Neither had any openings when she called, Ms. LeBlanc stated.
The findings and decrees of a workers’ compensation hearing officer, like those of a district court trial judge, are given great deference on appeal and are not reversed absent manifest error. Here, however, we think the hearing officer was clearly wrong. He gave little if any consideration to the lay testimony and he incorrectly evaluated the medical reports. Dr. Williams did not directly say that Ms. LeBlanc could or should try to return to work; he only specified what she could not do.
The hearing examiner farther erred when he found, mainly from Mr. Meunier’s testimony, that Ms. LeBlanc was able to earn 90 per cent of her pre-injury wages of $170.26 per week. Such a finding, if valid, would preclude supplemental earnings benefits.
For these reasons, we set aside the appealed-from judgment of IgDecember 21, 1995 and we order Tiffin Inn to bring Ms. Le-Blanc’s payments up to date and to continue making said payments pending further judicial proceedings. Tiffin Inn’s right to file another form LDOL-WC-1008 is hereby reserved.
Tiffin Inn is to bear costs of this appeal.
REVERSED.